UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

MELISSA FREY,

                                          Plaintiff,

                                                                                                                              Case # 23-CV-6198-FPG

v.

                                                                                                                              DECISION AND ORDER

NORTHERN SOY, INC., et al.,

                                          Defendants.
───────────────────────────────────────

## INTRODUCTION

Plaintiff Melissa Frey brings this employment discrimination action against her former employer, Defendant Northern Soy, Inc., as well as its two owners—Norman Holland and Andrew Schecter.  She alleges that Northern Soy retaliated against her and engaged in sex and disability discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. §§ 12101-213 ("ADA"),  and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL").  ECF No. 1.  Now before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 10.  Plaintiff opposes the motion.  ECF No. 15.  For the following reasons, Defendants' motion is GRANTED IN PART and DENIED IN PART.

## LEGAL STANDARD

A complaint will survive a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 678.  In considering the plausibility of a

claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007). "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a motion to dismiss . . . if the defense appears on the face of the complaint." *Brightman v. Physician Affiliate Grp. of N.Y., P.C.*, No. 20-CV-4290, 2021 WL 1999466, at *5 (S.D.N.Y. May 19, 2021) (internal quotation marks and citation omitted).

## DISCUSSION

The following facts are taken from the complaint, unless otherwise noted.[1] In August 2018, Plaintiff began working at Northern Soy as an office assistant. Holland and Schecter are the owners of Northern Soy, with Holland acting as President and Schecter acting as Vice President. Within one month of her employment, Plaintiff was "unofficially" promoted to the role of office manager. *See* ECF No. 1 ¶¶ 17-18.

Plaintiff states that, during her employment, she was subjected to "almost daily berating by Holland regarding each and every" task she performed, in ways that male coworkers were not. *Id.* ¶ 24. For example, on one occasion, Holland yelled at Plaintiff and another female coworker while they were eating lunch, on the basis that they had left "the office unattended." *Id.* ¶ 22. A male coworker, who was sitting with them in the breakroom, was not reprimanded. *Id.* Routinely, Plaintiff would be denied time off while other male coworkers were allowed to "put in for any

---

[1] Defendants have submitted a final investigation report created by the New York State Division of Human Rights. *See* ECF No. 10-2. While the Court could consider the report at this stage to establish the fact of those administrative proceedings, it may not consider the facts in the report for the "truth of the matters asserted." *Saunders v. N.Y. Convention Ctr. Operating Corp.*, No. 20-CV-5805, 2021 WL 4340793, at *7 (S.D.N.Y. Sept. 23, 2021).

2

time they wanted . . . without comment or problem." *Id.* ¶ 34.  Plaintiff was criticized for taking medical appointments during work hours.  *Id.* ¶ 37.

Holland's behavior caused Plaintiff's pre-existing depression and anxiety to increase, to the point that she was "suffer[ing] from significant anxiety and panic attacks."  *Id.* ¶ 25.  When she asked for this abusive treatment to stop, Holland began using "his knowledge of Plaintiff's mental health issues" against her.  *Id.* ¶ 27.  Holland called Plaintiff "too weak" and "too emotional" for her job.  *Id.* ¶ 28.

In addition to the constant reprimands and criticisms, Holland also engaged in and encouraged sexual harassment in the workplace.  Holland "constantly made comments about [the] physical attributes" of women in the office, and repeatedly told Plaintiff that she needed to "lose a few pounds."  *Id.* ¶¶ 29-30.  Holland once emailed Plaintiff an article about "cutting calories."  *Id.* ¶ 36.  In the docking area of the workplace was a "picture of a truck driver wearing a T-shirt that said 'I ❤ lesbians.'"  *Id.* ¶ 31.  Holland frequently talked about the T-shirt and "how he loved lesbians."  *Id.* ¶ 32.  Holland would also call meetings with Plaintiff and other female employees "to go through the Facebook pages of former female employees."  *Id.* ¶ 33.  Holland would proceed to comment on their appearance, marital status, and race, and make "derogatory, offensive and demeaning comments."  *Id.*

Though Plaintiff made numerous complaints about this harassment, Defendants made no changes and provided no assistance.  *Id.* ¶ 38.  In fact, Holland told Plaintiff that she just "need[ed] to deal with this because it is your personal problem."  *Id.* ¶ 39.

In or around November 2019, Plaintiff requested time off for a medical appointment related to her anxiety.  She was criticized for taking the time off.  On November 12, 2019—the day before this appointment—Plaintiff was terminated.  *Id.* ¶ 41.

On April 10, 2023, Plaintiff brought the present action. Her claims can be grouped into three categories: (1) sex discrimination in violation of Title VII and the NYSHRL; (2) disability discrimination in violation of the ADA and NYSHRL; and (3) retaliation in violation of Title VII, NYSHRL, and ADA. *See* ECF No. 1 at 6-9.

## DISCUSSION

### I. Title VII Claims

"Title VII makes it unlawful for an employer to 'fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Segal v. City Univ. of New York*, No. 18-CV-4444, 2018 WL 11487597, at *2 (E.D.N.Y. Aug. 22, 2018) (quoting 42 U.S.C. § 2000e-2(a)(1)). The Court understands Plaintiff to be raising both disparate-treatment and hostile-work-environment claims. To establish a prima facie case of disparate treatment due to sex, "a claimant must demonstrate that (1) she belongs to a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Clemente v. N.Y.S. Div. of Parole*, 684 F. Supp. 2d 366, 372 (S.D.N.Y. 2010). At the motion-to-dismiss stage, the complaint must furnish "at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). "In order to establish a hostile work environment claim under Title VII, a plaintiff must produce evidence that the complained of conduct (1) is objectively severe or pervasive—that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3)

creates such an environment because of the plaintiff's sex." *Russo v. N.Y. Presbyterian Hosp.*, 972 F. Supp. 2d 429, 446 (E.D.N.Y. 2013).

### a. Individual Defendants

Defendants argue, and Plaintiff agrees, that the Title VII claims against Holland and Schecter must be dismissed. *See* ECF No. 10-1 at 10-11; ECF No. 15-1 at 20.

### b. Northern Soy

#### i. Disparate Treatment

In connection with Plaintiff's disparate-treatment claim, Defendants argue that Plaintiff has failed to sufficiently plead facts supporting an inference of discrimination.[2]  The Court disagrees.

"An inference of discrimination can arise from circumstances including, but not limited to, the employer's criticism of the plaintiff's performance in [] degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge." *Littlejohn*, 795 F.3d at 312 (internal quotation marks omitted).  In this case, Plaintiff alleges that Holland, her supervisor and an owner of Northern Soy, engaged in a lengthy campaign of sexual harassment before terminating her employment.  Holland had a practice of commenting

---

[2] Because Plaintiff filed her EEOC charge within 300 days of her termination, Defendants' argument regarding untimeliness must be rejected.  *See* ECF No. 10-1 at 11-13; *see also Paladino v. R.I.T.*, No. 22-CV-6028, 2022 WL 4922289, at *1-2 (W.D.N.Y. Oct. 4, 2022).

In addition, Plaintiff alludes to other adverse actions, including denials of time off and Holland's reprimands of her. *See*, *e.g.*, ECF No. 1 ¶¶ 21, 34 40.  Such conduct cannot be considered adverse employment actions.  *See, e.g.*, *Richards v. Dep't of Educ. Of City of New York*, No. 21-CV-338, 2022 WL 329226, at *8 (S.D.N.Y. Feb. 2, 2022) ("Although a reprimand can constitute an adverse employment action, courts in this circuit have found that reprimands, threats of disciplinary action and excessive scrutiny do not constitute adverse employment actions in the absence of other negative results such as a decrease in pay or being placed on probation." (internal quotation marks omitted)); *Cousar v. New York-Presbyterian/Queens*, No. 16-CV-1784, 2019 WL 4015440, at *9 (E.D.N.Y. Aug. 26, 2019) ("Courts in this Circuit have repeatedly held that denial of a plaintiff's request for time off, absent a complete prohibition, does not rise to the level of an adverse employment action.").

on the physical attributes of female workers, including Plaintiff. ECF No. 1 ¶¶ 29, 31. He singled out women in the office for criticism and reprimands, particularly with respect to time off. *See id.* ¶¶ 21-23, 34. Holland repeatedly called Plaintiff "weak" and "emotional," which, in light of the surrounding context, could reasonably be viewed as sex-based stereotyping. *See Hussain v. F. Express Corp.*, 657 F. App'x 591, 594 (7th Cir. 2016) (summary order) (discriminatory refusal to promote could be inferred from, among other things, supervisor's comments that female employee was "too emotional"). Holland's termination of Plaintiff came on the heels of an incident in which Plaintiff was subjected to further criticism for taking time off—a standard which, as stated, did not apply to male employees. *See* ECF No. 1 ¶ 34.

From these facts, Plaintiff has furnished the "minimal support" necessary to show discriminatory intent, *Littlejohn*, 795 F.3d at 311, insofar as it is plausible to infer that Plaintiff's termination resulted from the imposition of sex-based double standards at Northern Soy. *Cf. Paul v. Murphy*, 948 F.3d 42, 52 (1st Cir. 2020) ("[E]vidence that an employee was subjected to a double standard on the basis of sex-based stereotypes can supply evidence of pretext."). While Defendants criticize the lack of specific allegations regarding comparators, *see* ECF No. 10-1 at 16, 21, that omission does not doom Plaintiff's claim. *See Ballou v. McElvain*, 29 F.4th 413, 424 (9th Cir. 2022) ("[C]omparators [can be] circumstantial evidence of unlawful discriminatory intent. But a relevant comparator is not an *element* of a disparate treatment claim.").

### ii. Hostile Work Environment against Northern Soy

Defendants also contend that Plaintiff has failed to state a claim for hostile work environment.[3] *See* ECF No. 10-1 at 17-18. Although Defendant do not dispute that Holland's

---

[3] The Court notes that, given the regularity of Holland's alleged wrongful conduct during Plaintiff's employment, Plaintiff's hostile-work-environment claim is timely under Title VII regardless of whether some of Holland's behavior occurred before the 300-day limitations period. *See, e.g., James v. Van Blarcum*, 782 F. App'x 83, 85 (2d Cir. 2019) (summary order).

alleged conduct could be found to be severe and/or pervasive, they assert that Plaintiff has failed to "establish the necessary causal link between the alleged offensive conduct and her gender." *Id.* at 18.  The Court is not persuaded.  Holland frequently made statements about women to Plaintiff and her female coworkers, including statements related to their physical attributes, appearance, and weight.  *See* ECF No. 1 ¶¶ 29-32.  In conjunction with Holland's frequent comments about his "love[]" for lesbians, one can reasonably infer that these comments had sexual overtones.  *Id.* ¶ 32.  Likewise, because these comments were directed only at the female employees of the office, *cf. id.* ¶ 33, it is reasonable to infer that Holland acted in this manner towards Plaintiff *because* she was a woman.  *Cf. Cruz v. N.Y.S. Dep't of Corrs. & Cmty. Supervision*, No. 13-CV-1335, 2014 WL 2547541, at *4 (S.D.N.Y. June 4, 2014) ("If a supervisor engages in gender-specific harassment, such as expressing an implied sexual desire based on an employee's 'V-shape' back, it is plausible that a jury can infer that that stated desire was because of the employee's sex, and the Court cannot properly rule as a matter of law that that gender-specific harassment was not because of the employee's sex." (internal quotation marks, brackets, citation, and ellipsis omitted)).

Dismissal is not warranted on this ground.

## II.   NYSHRL Sex-Discrimination Claims

Plaintiff brings sex-discrimination claims under the NYSHRL that correspond to her Title VII claims.  *See* ECF No. 1 at 8.  Defendants argue that Plaintiff has failed to sufficiently plead disparate-treatment or hostile-work-environment claims based on sex discrimination.  *See* ECF No. 10-1 at 21-22.  Because Title VII imposes, if anything, a more demanding standard for such claims, Plaintiff's NYSHRL claims survive dismissal in light of the sufficiency of her Title VII

claims. *See Hatzimihalis v. SMBC Nikko Secs. Am., Inc.*, No. 20-CV-8037, 2023 WL 3764823, at *12-13 (S.D.N.Y. June 1, 2023); *see also* Section I(b), *supra*.

Therefore, the NYSHRL sex-discrimination claims may proceed against Defendants.

### III.  ADA Claims

#### a.  Individual Defendants

Defendants argue, and Plaintiff concedes, that the ADA claims against Holland and Schecter must be dismissed. *See* ECF No. 10-1 at 10-11; ECF No. 15-1 at 20.

#### b.  Northern Soy

As with her Title VII claims, Plaintiff brings disparate-treatment and hostile-work-environment claims under the ADA against Northern Soy. With respect to the former, "[a] plaintiff asserting a violation of the ADA must prove that: (1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of [her] disability or perceived disability." *Herbowy-Hubalek v. Lithia of Yorkville-3, LLC*, No. 21-CV-43, 2021 WL 6050177, at *4 (N.D.N.Y. Dec. 20, 2021). With respect to the latter, a claim of a hostile work environment is cognizable under the ADA, *see Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 69 (2d Cir. 2019), and is analyzed under the same standard as that under Title VII, *see Verne v. N.Y.C. Dep't of Educ.*, 697 F. Supp. 3d 30, 53 (S.D.N.Y. 2023).

As a threshold matter, however, Plaintiff must plausibly allege that she suffers from a "disability" as defined under the ADA. Defendants assert, and the Court agrees, that she has failed to do so. *See* ECF No. 10-1 at 13-14. "[T]he ADA defines a disability as a physical or mental impairment that substantially limits one or more major life activities of such individual." *Parada*

*v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 68 (2d Cir. 2014) (internal quotation marks omitted). "[A]n impairment 'substantially limits' a major life activity if the impaired person is significantly restricted as to the condition, manner or duration under which she can perform the activity." *Id.* (internal quotation marks and brackets omitted). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Shields v. NYC Health & Hosps. Corp.*, 489 F. Supp. 3d 155, 164 (E.D.N.Y. 2020). "The term 'substantially limits' [is to] be construed broadly in favor of expansive coverage, and is not meant to be a demanding standard." *Id.* "Factors to consider in determining whether a major life activity is substantially limited include: the nature and severity of the impairment; its duration or expected duration; and the existence of any actual or expected permanent or long-term impact." *Id.*

In this case, Plaintiff alleges that she has a history of depression and anxiety. ECF No. 1 ¶ 19. But she fails to allege "*how* . . . her impairments substantially limit[ed] [her] major life activities." *Rogers v. Niagara, Cnty., N.Y.*, No. 22-CV-792, 2023 WL 10949028, at *5 (W.D.N.Y. Sept. 13, 2023). Absent allegations detailing "the frequency, duration, or severity of [her] alleged [disability], and how [it] affected [her] at the time of [her] employment," her claim for disability discrimination fails. *Id.*; *accord Gilot v. UR Medicine Strong Memorial Hosp.*, No. 23-CV-6078, 2023 WL 2480575, at *3 (W.D.N.Y. Mar. 13, 2023) (allegations that plaintiff suffered from "depression, anxiety, and PTSD" insufficient to allege disability, where plaintiff "fails to allege that any of these conditions substantially limits one or more major life activities" (internal quotation marks omitted)); *Kane v. City of New York*, No. 22-CV-1339, 2022 WL 17553307, at *4 (E.D.N.Y. Dec. 9, 2022) (same).

These ADA claims against Defendants are dismissed.

## IV. NYSHRL Disability-Discrimination Claims

Plaintiff raises disability-discrimination claims under the NYSHRL. *See* ECF No. 1 at 8. Defendants argue that Plaintiff's NYSHRL disability-discrimination claims must be dismissed. *See* ECF No. 10-1 at 20-23. Regarding Plaintiff's disparate-treatment and hostile-work-environment claims, Defendants contend that Plaintiff has failed to sufficiently plead that she was targeted *because of* her disability. Regarding, Plaintiff's failure-to-accommodate claim, Defendants rely on the administrative hearing report to argue that Plaintiff never requested an accommodation. *See* ECF No. 10-1 at 23.

The Court agrees that Plaintiff's disparate-treatment and hostile-work-environment claims must be dismissed. Plaintiff does not allege any incidents from which discriminatory intent could be reasonably inferred. To the contrary, in her complaint, Plaintiff attributes the harassment, denials of time off, and reprimands that she suffered to her gender, not her disability. *See, e.g.*, ECF No. 1 ¶¶ 21, 31, 34. At most, she points to Holland's insensitive remarks, *see id.* ¶¶ 28, 39, but without additional contextual support, those comments are not sufficiently probative of disability discrimination. *See Luka v. Bard Coll.*, 263 F. Supp. 3d 478, 487 (S.D.N.Y. 2017) (discussing factors to consider to "determine whether a particular comment is probative of discriminatory animus"). Plaintiff makes no nonconclusory allegations to "show that the discrepanc[ies]" in her treatment were "because of her disability." *Harvin v. Manhattan & Bronx Surface Transit Operating Auth.*, 767 F. App'x 123, 127 (2d Cir. 2019) (summary order); *see also Payne v. Cornell Univ.*, No. 21-109-CV, 2022 WL 453441, at *2 (2d Cir. 15, 2022). Accordingly, these claims must be dismissed.

10

The Court declines to dismiss the failure-to-accommodate claim, however. The only argument that Defendants raise is premised on information from outside the complaint. *See* ECF No. 10-1 at 23; note 1, *supra*. Because the Court may not consider such facts at this juncture, dismissal is not warranted.

## V.  Title VII, NYSHRL, and ADA Retaliation Claims

Plaintiff alleges that her termination was retaliation for her complaints about sex and disability discrimination, in violation of Title VII, the NYSHRL, and the ADA.[4] Defendants contend that Plaintiff's complaint fails to plausibly plead a causal connection between her protected activities and her termination. *See* ECF No. 10-1 at 20. The Court disagrees.

For purposes of a *prima facie* case of retaliation under these statutes, a causal connection between an employee's protected activities and the retaliatory conduct can be established by their "close temporal proximity." *Nofal v. IMCMV Times Square LLC*, No. 22-CV-3104, 2024 WL 1138928, at *9 (S.D.N.Y. Mar. 15, 2024). Reading the complaint in the light most favorable to her, just before her termination, Plaintiff asked Defendants for time off so that she could attend a medical appointment related to her anxiety. It is reasonable to read the complaint to allege that, at this time, Plaintiff also complained about "what was happening at work." ECF No. 1 ¶ 40. In response, "Plaintiff was met with resistance once again regarding the time off," and was soon terminated. *Id.* ¶¶ 40-41. The close temporal proximity between the complaint and Plaintiff's termination—consisting of a few days or weeks—is sufficient to establish a causal connection at the pleading stage. *See Nofal*, 2024 WL 1138928, at *9. The Court declines to dismiss the retaliation claims on this ground.

---

[4] In her opposition, Plaintiff also suggests that Holland also retaliated against her by "increas[ing] [his] harassment" of Plaintiff. ECF No. 15-1 at 18. Because Plaintiff fails to meaningfully address Defendants' argument that such actions were not "materially adverse," ECF No. 10-1 at 20, the Court considers that particular claim waived.

However, as Plaintiff concedes, the Title VII and ADA retaliation claims are properly dismissed against Holland Schecter.  See ECF No. 15-1 at 20; see also *Richter v. JBFCS-Jewish Bd. of Family & Children Servs.*, No. 18-CV-6959, 2019 WL 13277316, at *3 (E.D.N.Y. Mar. 14, 2019) (collecting cases).

## CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss (ECF No. 10) is GRANTED IN PART and DENIED IN PART.  The following claims may proceed: sex discrimination (disparate treatment and hostile work environment) under Title VII against Northern Soy; sex discrimination (disparate treatment and hostile work environment) under the NYSHRL against Defendants; retaliation under Title VII and the ADA against Northern Soy; retaliation under the NYSHRL against Defendants; and failure to accommodate under the NYSHRL against Defendants.  All other claims are dismissed.  Defendants shall file an answer within 30 days of entry of this Order.

IT IS SO ORDERED.

Dated: October 2, 2024
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York